USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/24/208

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUFINO CARDONA and NILDA MELENDEZ,

                Plaintiffs,

- against -

HILDA VIDAL; BUDIN, REISMAN, & SCHWARTZ

                Defendants.

06 Civ. 13680 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

    The plaintiffs, Rufino Cardona and Nilda Melendez, proceeding pro se, bring this action against Hilda Vidal, now deceased, and the law firm Budin, Reisman, & Schwartz("The Budin firm"), alleging conversion, unjust enrichment and constructive trust, intentional/negligent infliction of emotional distress, conspiracy, and violations of 42 U.S.C. § 1981 and 42 U.S.C. § 1982. The Budin Firm brings this motion to dismiss the Amended Complaint, or, in the alternative, for summary judgment.

I.

    In evaluating a motion to dismiss, a court may consider the allegations on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference, and documents upon which the complaint "solely relies" and which are "integral to [it]". See Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007). However, "[i]f, on a motion under Rule 12(b)(6) . .



. matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Both parties have filed documents and affidavits in connection with their pending motions.[1] Accordingly, the defendant's Rule 12(b) motion is converted into a motion for summary judgment under Rule 56.

Summary judgment may not be granted unless "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Matican v. City of New York, 524 F.3d 151, 154 (2d Cir. 2008). "[T]he trial court's task at the summary judgment motion stage of the

---

[1] Rule 12(d) provides that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Although in the plaintiffs' opposition to the defendant's motion to dismiss the plaintiffs requested that the Court deny, or at least stay, the defendants' request to convert the motion to a motion for summary judgment, both parties submitted documents and affidavits in connection with the motions. Namely, the plaintiffs submitted a transcript of an appearance of Mr. Cardona and Ms. Vidal in New York County Criminal Court dated May 25, 2005, and the defendant the Budin Firm submitted affidavits from members of the firm. The Budin firm also provided a Notice to Pro Se litigant with its motion which specifically advised the plaintiffs that the motion may be treated as a motion for summary judgment and they should submit any affidavits or other evidence in response to the motion. The plaintiffs therefore had the opportunity to submit any evidence in response to the defendant's motion, and were on notice that the Court could convert the defendant's motion into one for summary judgment. See Rutigliano v. City of New York, No. 07 Civ. 4614, 2008 WL 110946, at *2 (S.D.N.Y. Jan. 2, 2008) ("[T]he essential inquiry [in converting a motion to dismiss to a summary judgment] is whether the non-movant should reasonably have recognized the possibility that the motion might be converted into one for summary judgment . . . .") (quoting Krijn v. Pogue Simone Real Estate Co., 896 F.2d 687, 689 (2d Cir. 1990) (internal quotation marks omitted).

2

litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them." Gallo v. Prudential Residential Servs., Ltd., 22 F.3d 1219, 1224 (2d Cir. 1994). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal citation omitted); Gallo, 22 F.3d at 1223. In addition, the Court must give a pro se litigant special latitude in responding to a summary judgment motion. See McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999). The Court must "read the pleadings of a pro se plaintiff liberally and interpret them to raise the strongest arguments that they suggest." Id. (internal quotation marks and citation omitted).

## II.

The action arises from events that occurred on or about May 5, 2005. According to the Amended Complaint, the plaintiffs were driving in the area of East 110th Street and Lexington Avenue in Manhattan, New York, when Hilda Vidal, an alleged employee of Budin, Reisman, & Schwartz, approached the car screaming incoherently, with men chasing behind her, and forced her way into the car. (See Am. Compl. ¶¶ 12-13.) The men chasing Vidal subsequently identified themselves as undercover

police officers and arrested everyone inside the car. (Id. ¶¶ 14-15.) Criminal charges were brought against Vidal and the plaintiffs in the New York Courts and bail was set. (Id. ¶¶ 16, 18.) The plaintiffs also allege their car was towed and impounded. (Id. ¶ 18.)

The plaintiffs allege that after Vidal was bailed out of jail by her law firm employer, the Budin firm, she approached the plaintiffs on behalf of the firm in order to offer them bail services. The plaintiffs gave Vidal $5000 toward bail. Vidal subsequently allegedly died of a suspected drug overdose. The plaintiffs allege that the firm has not returned the bail money to the plaintiffs. (Id. at ¶ 27.) The plaintiffs allege that Vidal recruited and abused legal clients and that Hispanic individuals were the primary targets. (Id. at 29.)

In or about May 2007, the plaintiffs commenced an action entitled "Rufino Cardona and Nilda Melendez v. The City of New York (NYC Police Department); Detective J. Alamia, Shield #7074, Tax registry # 913483, Command MNNZ; Hilda Vidal; Schwartz Irving, Esq." The Court dismissed the claims against the City of New York and Detective Alamia by Stipulation and Order on March 13, 2007. The plaintiffs then filed an Amended Complaint dated December 5, 2007, entitled, "Rufino Cardona and Nilda Melendez v. Estate of Hilda Vidal; Budin, Reisman & Schwartz,"

alleging violations of 42 U.S.C. §§ 1981 and 1982 and various state law claims. (Id. at ¶¶ 30-64.)

III.

The documents make it clear, and the plaintiffs agreed at oral argument, that the defendant the Budin Firm is not a proper defendant and should be dismissed from the action. Hilda Vidal was never an employee of the Budin Firm, its predecessor, Budin, Reisman, Schwartz & Goldberg, P.C. or its successor in interest, Budin, Reisman, Kupferberg & Bernstin, LLP. (See Declaration of Alice Kupferberg ("Kupferberg Decl.") ¶ 5.) Indeed, the firm submits that before the commencement of this lawsuit, the Budin Firm had no knowledge that Vidal ever existed. (See Kupferberg Decl. ¶ 9.) Thus, the law firm has no connection to the underlying events that form the basis of this action.

There was no basis for suing the Budin firm. The plaintiff's original Complaint names an "Irving Schwartz," who, the Budin Firm submits upon information and belief, was a criminal defense attorney who is now deceased. Like Hilda Vidal, Irving Schwartz has never been affiliated with the Budin Firm, its predecessor, or its successor in interest. (See Kupferberg Decl. ¶ 6.)

However, the Budin Firm and its predecessor, Budin, Reisman, Schwartz & Goldberg P.C. had a partner, Irwin Schwartz, whose name is similar to the deceased Irving Schwartz, named in

the original Complaint. (See Kupferberg Aff., ¶7; see also Ex. A to Kupferberg Aff.)

The plaintiffs acknowledged the mistaken identification of the law firm at oral argument and agreed that the action should be dismissed against the defendant the Budin Firm. Therefore, the defendant's motion to dismiss or, in the alternative, motion for summary judgment, is **granted**, and the action is dismissed with prejudice against the Budin firm.

## IV.

The only remaining defendant that the plaintiffs purport to sue is the Estate of Hilda Vidal. However, the plaintiffs have not effected service of the Amended Complaint upon the Estate of Hilda Vidal or any representative of the Estate. On June 17, 2008, Hilda Vidal's attorney, Joyce David, submitted a suggestion of death to the Court, notifying the Court that the original defendant, Hilda Vidal, died on June 3, 2007. Additionally, Joyce David submitted an Affirmation of Service to the Court representing that the copy of the Suggestion of Death was served via first class mail to Rufino Cardona and Nilda Melendez on June 17, 2008.

The plaintiffs appear to have been aware of Vidal's death at the time of the filing of the Amended Complaint, as acknowledged in the body of the Amended Complaint and in the

altered caption of the Amended Complaint, which was changed to read "The Estate of Hilda Vidal." The docket reflects two attempts to effect service that were returned unexecuted as to Hilda Vidal, the first on December 21, 2007, and the second on January 15, 2007. The Estate of Hilda Vidal, if any, has never been served.[2]

> Rule 4(m) of the Federal Rules of Civil Procedure provides:
>
> [I]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time.

Fed. R. Civ. Pro. 4(m). It is plain that over 120 days have expired since the Amended Complaint was filed and that service has not been effected. **Therefore, if service is not made within 30 days of this order, the Amended Complaint will be dismissed without prejudice.** The plaintiffs are urged to contact the Pro Se office as to the proper procedure for service as soon as possible.

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed, the remaining arguments are either moot or without merit. For the

---

[2] Ms. Vidal's former attorney, Joyce David, expressed doubt at a previous conference that there was any estate.

reasons explained above, motion for summary judgment is **granted** as to the law firm Budin, Reisman, and Schwartz. The clerk is directed to close Docket No. 20. The defendant the Budin Firm's Order to Show Cause why the case should not be dismissed for failure to prosecute (Docket No. 31) is **denied** as moot. If the plaintiffs fail to serve the Estate of Hilda Vidal within 30 days the Amended Complaint will be dismissed without prejudice.

**SO ORDERED.**

Dated: New York, New York
July 23, 2008

John G. Koeltl
United States District Judge